Case: 3:20-cv-00444-wmc   Document #: 1-2   Filed: 05/12/20   Page 1 of 10

Case 2020CV000918   Document 4   Filed 04-21-2020   Page 1 of 10

FILED
04-21-2020
CIRCUIT COURT
DANE COUNTY, WI
2020CV000918
Honorable Susan M. Crawford
Branch 1

STATE OF WISCONSIN        CIRCUIT COURT        DANE COUNTY
                              BRANCH__

TRI-NORTH BUILDERS, INC.
2625 Research Park Drive
Fitchburg, WI 53711

                Plaintiff,

                                                                                               Case No: _____
MADISON RIMROCK LODGING INVESTORS I, LLC           Case Code: 30701, 30301
1600 Aspen Commons, Suite 200
Middleton, WI 53562-4770

                Involuntary Plaintiff,

v.

THE CINCINNATI INSURANCE COMPANY
6200 S. Gilmore Road,
Fairfield, OH 45014

STEADFAST INSURANCE COMPANY
1299 Zurich Way
Schaumburg, IL 60196

                Defendants.

## SUMMONS

**THE STATE OF WISCONSIN TO THE DEFENDANTS NAMED ABOVE:**

      You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

      Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Dane County Clerk of Court,

215 S. Hamilton Street, Room 1000, Madison, Wisconsin 53703, and to John N. Giftos, Esq., the Plaintiff's attorney, whose address is Bell Giftos St. John LLC, 5325 Wall Street, Suite 2200, Madison, Wisconsin 53718. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 21st day of April, 2020.

**BELL GIFTOS ST. JOHN LLC**

/s/ John N. Giftos
Roisin H. Bell, SBN 1036098
John N. Giftos, SBN 1054853
5325 Wall Street, Suite 2200
Madison, WI 53718
Phone: (608) 216-7990
Fax: (608) 216-7999
Email: rbell@bellgiftos.com
          jgiftos@bellgiftos.com

**Attorneys for Plaintiff, Tri-North Builders, Inc.**

2

Case 2020CV000918 Document 4 Filed 04-21-2020 Page 3 of 10
Case: 3:20-cv-00444-wmc Document #: 1-2 Filed: 05/12/20 Page 3 of 10

FILED
04-21-2020
CIRCUIT COURT
DANE COUNTY, WI
2020CV000918
Honorable Susan M. Crawford
Branch 1

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|
| | BRANCH__ | |

TRI-NORTH BUILDERS, INC.
2625 Research Park Drive
Fitchburg, WI 53711

                Plaintiff,

MADISON RIMROCK LODGING INVESTORS I, LLC
1600 Aspen Commons, Suite 200
Middleton, WI 53562-4770

                Involuntary Plaintiff,

v.

THE CINCINNATI INSURANCE COMPANY
6200 S. Gilmore Road,
Fairfield, OH 45014

STEADFAST INSURANCE COMPANY
1299 Zurich Way
Schaumburg, IL 60196

                Defendants.

Case No: _____
Case Code: 30701, 30301

## COMPLAINT

Plaintiff, Tri-North Builders, Inc. ("Tri-North"), sues the Cincinnati Insurance Company ("Cincinnati") and Steadfast Insurance Company ("Steadfast"), and alleges as follows:

### THE PARTIES

1. Tri-North is a Wisconsin corporation with its corporate headquarters located in Fitchburg, Wisconsin. Tri-North is a full-service construction management company.

2. Cincinnati is an Ohio company registered to do business in Wisconsin. Cincinnati's registered agent in Wisconsin is Mr. Michael Murray, whose address is Kasdorf Lewis & Swietlik, SC, 1 Park Plz 11270, W. Park Pl. 5th Floor, Milwaukee, WI 53224. As part

of its business, Cincinnati provides Builder's Risk insurance policies to companies, like Madison Rimrock Lodging Investors I, LLC ("MRLI") and Tri-North, who are engaged in construction projects.

3. Steadfast is a Delaware corporation that provides commercial property and casualty insurance. Steadfast does substantial business in Wisconsin.

4. MRLI is a Wisconsin limited liability company, with its principle place of business located in Middleton, Wisconsin. MRLI is named as an involuntary plaintiff pursuant to Wis. Stat. § 806.04(11) as a necessary party in this action because it has or may claim an interest in and rights under the Cincinnati Policy which may be affected or otherwise impacted by a declaration of the Court in this action.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the parties pursuant to Wis. Stat. § 801.05(1) because Defendants are engaged in substantial business activities within the State of Wisconsin, including entering into insurance contracts with Tri-North for the provision of insurance coverage related to ongoing business and construction in Dane County, Wisconsin.

6. Likewise, this Court has the power pursuant to Wis. Stat. § 806.04(1) to declare the rights of the parties under the insurance policies at issue.

7. Venue is proper in Dane County pursuant to Wis. Stat. § 801.50(2) because it is the county where the claims arose and because Defendants conduct substantial business in Dane County, Wisconsin.

2

## STATEMENT OF FACTS

8. Tri-North entered into a contract with MRLI for the construction of a hotel – "Home2 Suites" – located at 2153 Rimrock Rd., Madison, WI ("Construction Project").

9. Cincinnati issued Builders Risk Insurance Policy No. ENP 049 31 59 ("Cincinnati Policy") to MRLI. The Cincinnati Policy provided Builder's Risk insurance coverage for the Construction Project, and identified Tri-North and its subcontractors as additional insureds.

10. In addition to the Cincinnati Policy, Tri-North obtained at least three (3) additional insurance policies to protect itself from various possible losses, liability and damages related to the Construction Project. Relevant here, Tri-North obtained Contractor's Protective Professional Indemnity and Liability Insurance Policy No. EOC 6641518-00 from Steadfast ("Steadfast Policy").

11. Tri-North began construction of the hotel in June 2018 and timely performed all installation and construction in accordance with the Construction Project schedule.

12. During construction, there was significant precipitation in a short amount of time at the construction site. According to the Record of Climatological Observations from the National Oceanic & Atmospheric Administration for Madison, Wisconsin, 9.97" of rain and melted snow were recorded in October, November, and December, 2018. That significant precipitation occurred before Tri-North had installed the roofing on the hotel.

13. After the significant precipitation concluded, Tri-North waited for the hotel walls to dry before installing the roof, insulation, vapor retarder, and gypsum board.

14. Tri-North timely and properly completed construction of the hotel, and a Certificate of Occupancy was issued on June 3, 2019.

3

15. After the Certificate of Occupancy was issued, but before the hotel was opened, MRLI noticed odors on the 4th floor of the hotel, and they contacted Tri-North.

16. Thereafter, Tri-North conducted an investigation that revealed moisture and mold within the exterior wall cavities in various rooms throughout all 4 floors of the hotel.

17. Accordingly, Tri-North took appropriate steps to mitigate and remediate the moisture and mold in the affected rooms. As part of that process, Tri-North retained Environmental Management Consulting, Inc. ("Environmental Management") to perform inspections and prepare a Mold Remediation plan for the project.

18. Tri-North conducted and completed all mitigation and remediation work – as recommended and determined in conjunction with Environmental Management – between June of 2019 and September of 2019.

19. This process included removing the gypsum board, vapor retarder, and insulation from the walls of the affected rooms. It also included remediating and drying the walls and replacing the removed materials.

20. The total cost to Tri-North for all remediation and mitigation work was $1,347,680.71.

21. Tri-North timely notified both Cincinnati and Steadfast of the moisture and mold problem, timely asserted coverage claims for its remediation and mitigation costs, and otherwise met all of its obligations under both the Cincinnati Policy and Steadfast Policy.

22. Cincinnati hired Brander Engineering, Inc. ("Brander") to conduct an expert causation analysis of the moisture and mold.

4

23. On September 27, 2019, Brander issued its written expert report on causation finding that the significant precipitation prior to the installation of the roofing caused the elevated moisture levels that became trapped in the wood, specifically finding:

> Because of the precipitation that fell on the structure prior to the installation of the roofing, the wood materials would have had an elevated moisture content. After the roofing was installed, the contractor began installing the insulation, vapor retarder, and gypsum board. The contractor indicated the walls were dry when they installed those materials. Because there was no visible moisture on the walls, there would be no reason to perform moisture content tests on the wood. It appears that the moisture discovered later was trapped in the wood and caused the damage, resulting in the odors and the subsequent remedial work.

24. Nevertheless, both Cincinnati and Steadfast have denied Tri-North coverage for its losses.

25. Both Cincinnati and Steadfast have wrongly denied coverage premised on an improper application and contract construction of certain exclusions and limitations in their respective insurance policies.

26. Accordingly, there is an actual, justiciable controversy between the parties regarding the scope of insurance coverage under the Cincinnati Policy and Steadfast Policy.

## COUNT I
### (Declaration of Coverage and Breach of the Cincinnati Policy)

27. Tri-North realleges and incorporates by reference the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28. The Cincinnati Policy is a valid and binding contract wherein Cincinnati has an obligation to provide insurance coverage to Tri-North related to the Construction Project.

29. Cincinnati is contractually responsible and must provide coverage under the Cincinnati Policy for Tri-North's losses related to the trapped moisture in the hotel walls, including the costs of mitigation and remediation outlined above.

5

30. No limitation or exclusion in the Cincinnati Policy prevents coverage to Tri-North.

31. Yet, Cincinnati has denied Tri-North coverage premised on an improper application and unlawful contract construction of certain exclusions and limitations in the Cincinnati Policy.

32. Cincinnati's denial of coverage is a material breach of Cincinnati's obligations to Tri-North under the Cincinnati Policy.

33. Tri-North has been damaged in the amount of $1,347,680.71 as a direct and proximate result of Cincinnati's material breach.

## CLAIM II
### (Declaration of Coverage and Breach of the Steadfast Policy)

34. Tri-North realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. The Steadfast Policy is a valid and binding contract wherein Steadfast has an obligation to provide insurance coverage to Tri-North related to the Construction Project.

36. Steadfast is contractually responsible and must provide coverage under the Steadfast Policy for Tri-North's losses related to the trapped moisture in the hotel walls, including the costs of mitigation and remediation outlined above.

37. No limitation or exclusion in the Steadfast Policy prevents coverage to Tri-North.

38. Yet, Steadfast has denied Tri-North coverage premised on an improper application and unlawful contract construction of certain exclusions and limitations in the Steadfast Policy.

39. Steadfast's denial of coverage is a material breach of its obligations to Tri-North under the Steadfast Policy.

6

40. Tri-North has been damaged in the amount of $1,347,680.71 as a direct and proximate result of Steadfast's material breach.

WHEREFORE, Tri-North respectfully requests that the Court enter judgment as follows:

A. Declaring that the losses incurred by Tri-North, including mitigation and remediation costs, are covered by and not otherwise excluded under the Cincinnati Policy;

B. Declaring that Cincinnati must pay Tri-North $1,347,680.71 for all of its losses pursuant to the Cincinnati Policy;

C. Declaring that the losses incurred by Tri-North, including mitigation and remediation costs, are covered by and not otherwise excluded under the Steadfast Policy;

D. Declaring that, Steadfast must pay Tri-North any portion of Tri-North's $1,347,680.71 in losses pursuant to the Steadfast Policy that are not covered by the Cincinnati Policy;

E. Awarding Tri-North prejudgment interest, as well as all costs and attorneys' fees allowed by law; and

F. Awarding Tri-North such further relief as the Court may deem just and equitable.

7

Dated this 21st day of April, 2020.

                         **BELL GIFTOS ST. JOHN LLC**

                         /s/ John N. Giftos
                         Roisin H. Bell, SBN 1036098
                         John N. Giftos, SBN 1054853
                         5325 Wall Street, Suite 2200
                         Madison, WI 53718
                         Phone: (608) 216-7990
                         Fax: (608) 216-7999
                         Email: rbell@bellgiftos.com
                                      jgiftos@bellgiftos.com

                         **Attorneys for Plaintiff, Tri-North Builders, Inc.**

8